IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 16, 2006 Session

# CHRISTIN M. JOHNSON, LPN v. TENNESSEE BOARD OF NURSING

**Appeal from the Chancery Court for Davidson County**
**No. 04-2522-II     Carol McCoy, Chancellor**

_____

**No. M2005-02129-COA-R3-CV - Filed on February 28, 2007**

_____

A formerly licensed practical nurse appeals a default judgment revoking her license by the Board of Nursing and claims, *inter alia*, that the Board failed to comply with applicable notice requirements. Because the administrative record does not reflect consideration of the rule governing proceedings by default, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Reversed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S. and FRANK G. CLEMENT, JR., J., joined.

Frank J. Scanlon, Nashville, Tennessee, for the appellant, Christin M. Johnson, LPN.

Robert E. Cooper, Jr., State Attorney General and Reporter, Sara E. Sedgwick, Assistant Attorney General, for the appellee, Tennessee Board of Nursing.

## OPINION

Petitioner, Christin Johnson, was a licensed practical nurse in Tennessee subject to the authority of the Tennessee Board of Nursing ("Board"). The Board is authorized by Tenn. Code Ann. § 63-7-115 to discipline individuals licensed to practice nursing in accordance with the Administrative Procedure Act, Tenn. Code Ann. § 4-5-301 *et seq*.

On August 1, 2001, Ms. Johnson entered a guilty plea to two felonies, aggravated burglary and reckless endangerment with a weapon. She received sentences of four years and two years respectively, and both sentences were suspended in lieu of probation. With respect to both charges, Ms. Johnson was placed on judicial diversion.

After she was placed on judicial diversion for these two offenses, in November of 2001 Ms. Johnson submitted an application to renew her nursing license. In her renewal application, Ms.

Johnson did not notify the Board that she had been convicted of an offense since her last renewal, even though that specific question was asked on the renewal form.

On March 18, 2004, counsel for the Board mailed a notice of intent to discipline Ms. Johnson at her address of record with the Board, a post office box. The notice of intent informed Ms. Johnson that the Board intended to institute administrative proceedings against her. The notice was sent via certified mail, return receipt requested. This notice was returned to the Board marked "unclaimed" since the U.S. Postal Service was unable to deliver it. The envelope showed the letter was returned on April 7, 2004, and the Board's counsel received the return on April 20, 2004.

A formal Notice of Charges was sent to Ms. Johnson on April 6, 2004. The Notice of Charges was also sent to Ms. Johnson's post office box via certified mail, return receipt requested. This Notice of Charges was also returned to the Board. The Board received the return on April 27, 2004.

The Notice of Charges first recited the details of her guilty pleas in 2001 and the fact she did not disclose these convictions on her license renewal form. Second, the Notice cited the state law Ms. Johnson was charged to have violated. Pursuant to Tenn. Code Ann. § 63-7-115(a)(1)(B) and (F), the Board may deny, revoke or suspend a licensee upon proof he or she is guilty of a crime or of unprofessional conduct. The Notice cited the rules the Board had promulgated to assist it in applying this statute. "Unprofessional conduct," among other things, is defined to mean "engaging in acts of dishonesty which relate to the practice of nursing." Tenn. Comp R. & Regs. Rule 1000-1-.13(1)(w). Any criminal conviction is considered by the Board to be a violation of Tenn. Code Ann. § 63-7-115(a)(1)(B) and is grounds for discipline. Tenn. Comp. R. & Regs. Rule 1000-2-.13(5). However, if a person is convicted of specified crimes, including aggravated burglary, then the Board will "presume that an applicant is not entitled to license and will therefore deny any . . . renewal." Tenn. Comp. R. & Regs. Rule 1000-1-.13(2)(g).

The Notice specified the date of the contested case hearing before the Board and that failure to appear may result in a default.

On April 14, 2004, the Administrative Procedures Division of the Secretary of State's office mailed Ms. Johnson a prehearing Order to the same post office box address. The envelope was returned to the Secretary of State's office with a sticker from the U.S. Postal Service noting "Box Closed - Unable to Forward - Return to Sender." This notation was dated July 19, 2004.

On May 13, 2004, the Board convened a contested case hearing. Since Ms. Johnson was not present, the State's attorney made a motion for default under Tenn. Code Ann. § 4-5-309. It was established that the Notice of Charges was sent to her address of record with the Board and was returned unclaimed. The Administrative Law Judge found that Ms. Johnson had received adequate service of the Notice of Charges.

The proof presented to the Board in Ms. Johnson's absence included certified copies of the two felony judgments. Both of the judgments showed that the sentences were suspended and that Ms. Johnson was placed on diversion. The Board also received copies of Ms. Johnson's original License Application dated August 1994, Reinstatement Application dated January of 1999, and License Renewal Application dated November 29, 2001. The Renewal Application required the applicant to circle "yes" if the applicant had been "convicted of a crime and . . . not previously notified the Board in writing of that action." Ms. Johnson did not circle "yes" to this question.

As its findings of facts, the Board found that Ms. Johnson plead guilty to the two felonies in August of 2001 and failed to disclose this to the Board in her November 2001 Renewal Application. Based on these facts, the Board found Ms. Johnson to be guilty of a crime and unprofessional conduct under Tenn. Code Ann. § 63-7-115(a)(1)(B) and (F). With regard to its rules, the Board found three violations. First, the Board found Ms. Johnson engaged in acts of dishonesty which relate to the practice of nursing as described in Rule 1000-1-.13(1). Second, the Board found Ms. Johnson had been convicted of aggravated burglary as proscribed by Rule 1000-2-.13(2). Third, the Board found any criminal conviction to be a violation of the statute cited above pursuant to Rule 1000-2-.13(5). The Board assessed a civil penalty of $1,500 and revoked her license.

The following Policy Statement was adopted by the Board at the conclusion of the proceedings and was incorporated as the "Reasons for the Decision" in its Order:

> It is the duty of this board to protect the health, safety, and welfare of the citizens of Tennessee. The Respondent is guilty of a crime, falsification of renewal application, and is found to be an unsafe practitioner, and appropriate board action has been taken.

The Order revoking Ms. Johnson's license was entered June 30, 2004.

Thereafter, on August 27, 2004, Ms. Johnson filed a Petition for Judicial Review of the Board's Order revoking her license. The Petition alleged the Board revoked her license "based upon [her] alleged conviction of two felony counts." According to her petition, since she was placed on judicial diversion under Tenn. Code Ann. § 40-35-313(a), a judgment of guilt was not entered and she was not convicted. Ms. Johnson also claimed the Board's action was unlawful since she was not given notice of the proceedings. In essence, Ms. Johnson claimed the Board's decision should be reversed since she did not receive notice and was never convicted of the two felonies.

The Chancery Court found that the notice to Ms. Johnson was adequate and that grounds existed to revoke her license. On appeal, Ms. Johnson claims that she did not receive notice as required by the applicable rules and, since she was not convicted of the two felonies by virtue of her diversion, that the Board lacked grounds to revoke her license.

# I. STANDARD OF REVIEW

The scope of review in the trial court of an order of an administrative agency is defined in Tenn. Code Ann. § 4-5-322(h). *Metro Gov't of Nashville & Davidson County v. Shacklett*, 554 S.W.2d 601, 604 (Tenn. 1977). Tenn Code Ann. § 4-5-322 provides in pertinent part as follows:

(h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5)(A) Unsupported by evidence which is both substantial and material in the light of the entire record.

(B)In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

(i) No agency decision pursuant to a hearing in a contested case shall be reversed, remanded or modified by the reviewing court unless for errors that affect the merits of such decision.

(j) The reviewing court shall reduce its findings of fact and conclusions of law to writing and make them parts of the record.

Judicial review of the agency's decision is not *de novo* in the chancery court, *Shacklett*, 554 S.W.2d at 604. The trial court may not substitute its judgment for that of the Board concerning the weight of the evidence. *Jones v. Bureau of TennCare*, 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002) The scope of review is the same in the chancery court and this court, namely that we must review the case under the above-referenced statutory criteria. *Humana of Tenn. v. Tenn. Health Facilities Comm'n*, 551 S.W.2d 664, 668 (Tenn. 1977); *Mosley v. Tenn. Dep't of Commerce & Ins.*, 167 S.W.3d 308, 316 (Tenn. Ct. App. 2004).

## II. ANALYSIS

We turn our attention first to whether the Board complied with its obligations regarding notice before it may proceed by default since we believe that issue is determinative.

Under the Administrative Procedures Act, a party may be held in default if a party fails to appear or participate at a hearing. Tenn. Code Ann. § 4-5-309(a). In such an event, the Administrative Law Judge shall advise the agency whether the service of notice was sufficient as a matter of law. Tenn. Comp. R. & Regs. 1360-4-1.15(c). If a party is found in default, the Board may adjourn or conduct the hearing without the party. Tenn. Code Ann. § 4-5-309(a).

Tenn. Code Ann. § 4-5-320(c) requires that licensees receive notice and an opportunity to be heard before a license may be terminated:

> (c) No revocation, suspension, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct that warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license.

Furthermore, Tenn. Code Ann. § 63-7-116(c), applicable specifically to the Board of Nursing, provides that a licensee is entitled to receive a copy of any charges made against them "which may be done by registered mail directed to the address furnished the Board." The Division of Health Related Boards in the Department of Health is responsible for the administrative functions of the health related boards, which includes the Board of Nursing. Tenn. Code Ann. § 63-1-101.[1] To effect service of process upon a licensee of a health related board, the licensee "may" be notified by certified mail, return receipt requested, at the address on file. Tenn. Code Ann. § 63-1-108(d). A licensee is required to notify the division of health related boards of any change of address within 30 days of the change. Tenn. Code Ann. § 63-1-108(c).

With regard to an agency proceeding against a licensee by default in a contested case under the Administrative Procedure Act, the applicable rules promulgated by the Secretary of State require that certain factors be considered. Tenn. Comp. R. & Regs. 1360-4-1.06(3) provides as follows:

> Where the law governing an agency includes a statute allowing for service of the notice by mail, without specifying the necessity for a return receipt, and a statute requiring a person to keep the agency informed of his or her current address, service of notice shall be complete upon placing the notice in the mail in the manner specified in the statute, to the last known address of such person. However, in the event of a motion for default where there is not indication of actual service on a

---

[1] The Compiler's Notes to Tenn. Code Ann. § 63-7-201, creating the Board of Nursing, note that it is attached to the division of health related boards in the Department of Health.

party, the following circumstances will be taken into account in determining whether to grant the default, in addition to whether service was complete as defined above:

(a)     Whether any other attempts at actual service were made;

(b)     Whether and to what extent actual service is practicable in any given case;

(c)     What attempts were made to get in contact with the party by telephone or otherwise; and

(d)     Whether the agency has actual knowledge or reason to know that the party may be located elsewhere than the address to which the notice was mailed.

We do not believe the record before us meets the requirements of this rule. The Board first learned on April 20, 2004 that Ms. Johnson did not receive the notice at her post office box when the Notice of Intent was returned to them. The Notice of Charges was also returned undelivered on April 27, 2004. The transcript of proceedings before the Board contains only the following about any attempts to reach Ms. Johnson or consideration of the four enumerated factors that must at least be taken into account:

> THE COURT:        Is Christin M. Johnson, L.P.N. present or anyone on her behalf?
> (No response.)
> THE COURT:        No one has answered. What's the State's position on that?
> MS. MARLOWE        Your Honor, the State would make a motion for default, and in support of that motion would introduce the certified mail envelope sent to the Respondent's address of record with the Board of Nursing and returned unclaimed, that address being P.O. Box 163, Wartrace, Tennessee 37183.
> THE COURT:        Does the Board have any other current knowledge of her whereabouts or phone numbers or anything of that nature?
> MS. MARLOWE:        No, Your Honor.
> THE COURT:        All right. P.O. Box 163, Wartrace, Tennessee 37183 is her address of record with the Board?
> MS. MARLOWE:        Yes.
> THE COURT:        All right. I'm going to mark it as Exhibit 1.
> (Envelope marked Exhibit 1 and admitted into evidence.)
> THE COURT:        I find that that's adequate service of the Notice of Charges under the Board of Nursing regulations. And I'll turn the meeting back over to the chairperson.
> MADAM CHAIR:        Is there a motion to proceed in default?

| MS. WALLACE: | So moved. |
| MS. MORGAN: | Second. |
| MADAM CHAIR: | Discussion?   All those in favor?   Motion carried. |

The record only proves that the Board had no other address for Ms. Johnson.  It is silent as to whether anyone made any attempt at actual service or to try to contact Ms. Johnson using other information it had on file.  There is no evidence whatsoever that the elements of Tenn. Comp. R. & Regs. 1360-4-1.06(3) were considered.

It should also be noted that Ms. Johnson had 30 days to notify the Board of an address change.  Tenn. Code Ann. § 63-1-108(c).  The first notice the Board had that Ms. Johnson did not receive the notice at her post office box was April 20, 2004.  The hearing was held on May 13, 2004. It is a theoretical possibility that Ms. Johnson closed out her post office box in late April or even later, giving her until well after the hearing to notify the Board of her address change.[2]  Under this scenario, Ms. Johnson may have had her license revoked during her 30 day period to notify the board.

The state maintains that since Ms. Johnson used a post office box as her address "actual service cannot possibly be effectuated."  The court understands the difficulty in serving a person with a post office box.  The Board, however, allows it licensees to use post office box addresses.  This does not excuse failure to consider the factors in Tenn. Comp. R. & Regs. 1360-4-1-.06(3). Additionally, there is no indication the Board made any effort to locate Ms. Johnson.

The default was taken without compliance with Tenn. Comp. R. & Regs. 1360-4-1-.06(3). Pursuant to Tenn. Code Ann. § 4-5-322(h)(3), the judgment was taken "upon unlawful procedure" requiring reversal.  Costs of this appeal are taxed against the appellee, Tennessee Board of Nursing for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE

---

[2]While we know that by July of 2004 Ms. Johnson had closed her post office box, we do not know when this occurred.